



**FILED**
**Jul 18, 2023**
**12:31 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Alice Baugus | ) Docket No. 2022-05-1109 |
| | ) |
| v. | ) State File No. 59724-2021 |
| | ) |
| Tennessee Farmers Mutual Ins. Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Certified as Final

---

In this appeal, the employee contends the trial court should set aside an order approving the settlement of her workers' compensation claim because she did not have the emotional or mental capacity to enter into the settlement agreement. Following a hearing, the trial court concluded the employee failed to provide grounds for relief by clear and convincing evidence. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Alice Baugus, Mt. Pleasant, Tennessee, employee-appellant, pro se

Gordon C. Aulgur, Nashville, Tennessee, for the employer-appellee, Tennessee Farmers Mutual Insurance Company

### Memorandum Opinion[1]

Alice Baugus ("Employee") and Tennessee Farmers Mutual Insurance Company ("Employer") entered into a settlement agreement on November 14, 2022, which resolved Employee's workers' compensation claim against Employer. The settlement was approved by the court and contained a provision noting that:

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

The parties entered into this voluntary settlement of all issues with full knowledge of their rights and responsibilities, including the right to be represented by an attorney. Employee acknowledges by signature that Employee is not obligated to enter this agreement and has the right to a compensation hearing but waives that right.

The terms of the agreement provided that Employee had been diagnosed with bilateral carpal tunnel syndrome, received medical care for her condition from Dr. Alton Lee Hunter, Jr., and retained a 2% permanent medical impairment rating. It further provided she was being paid permanent partial disability benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(A). The settlement reflected that Employer had paid past medical expenses and agreed to pay for reasonable and necessary authorized future medical expenses for treatment directly related to the work injury as provided in Tennessee Code Annotated section 50-6-204.

Thereafter, on December 2, 2022, Employee filed a petition for benefit determination and requested that her workers' compensation case be "reviewed/re-evaluated" in order to "come to a better agreement on behalf of the condition of my hands." Employee stated that she was "severely distressed with life situations . . . was under severe mental stress, anxiety, overwhelmed, medicated, etc." and did not believe she "should have made any decisions that particular day due to my mental and emotional state. My mind was in overload and I made a mistake." Employee also noted she had a crisis with her husband the night before and was up until 12:30 a.m. In addition, Employee asserted she continued to receive medical treatment and was under the care of a new doctor who had assigned a higher impairment rating. She requested compensation for lost income as a result of missing work.

On January 27, 2023, the trial court issued an order stating that it would treat Employee's request for an expedited hearing as a motion to set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Employer filed a response opposing the motion, and the court held a hearing on March 30, 2023. On April 4, 2023, the trial court entered an order declining to set aside the settlement order, reasoning that Employee did not offer clear and convincing evidence of mental incapacity at the time of the settlement, that there was no proof she was induced to agree to a settlement while ignorant of her legal rights, and that there was no evidence she was unable to understand the nature of the settlement proceeding. Employee has appealed.

On appeal, Employee asserts her "mental [and] emotional state w[ere] obscured by medication, enormous stress, anxiety" and that her "hand conditions [were] worsening." She further contends the trial court erred by not considering her doctor's statement and second impairment rating, asserting "[e]verything was focused on my spouse when my brief, affidavit, and all was [sic] clear on my status. This order is based on information clearly taken out of context." In response, Employer contends the trial court was correct

in denying Employee's motion because she failed to produce clear and convincing evidence she was entitled to relief, "and she did not show the facts of the case constituted the 'most extreme, unique, exceptional, or extraordinary case,' as required under the ruling in *Johnson* [*v. Pilgrim's Pride*]." We agree.

Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud . . . , misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgement has been satisfied, released or discharged, or a prior judgement upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

As we have noted previously, the Tennessee Supreme Court has explained that relief from a judgment under Rule 60.02 is "rare and disfavored" and is "an exceptional remedy." *Johnson v. Pilgrim's Pride, Inc.*, No. 2015-01-0273, 2016 TN Wrk. Comp. App. Bd. LEXIS 20, at *10 (Tenn. Workers' Comp. App. Bd. Apr. 27, 2016) (internal citations omitted). We went on to observe:

With respect to subparagraph (5), the Court further reasoned that Rule 60.02(5) does not relieve a party from his or her free, calculated, and deliberate choices. Moreover, the rule affords relief in the most extreme, unique, exceptional, or extraordinary cases.

*Id.* (internal citations and quotation marks omitted). In addition, an employee seeking to set aside an order approving a workers' compensation settlement in accordance with Rule 60.02 must present clear and convincing evidence supporting a basis to set aside the order. On appeal, the trial court's decision to grant or deny such a motion will be upheld absent an abuse of discretion. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical or unreasonable decision, or bases its decision on a clearly erroneous assessment of the evidence, resulting in an injustice to the complaining party. *See, e.g.*, *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009).

Here, Employee was provided an opportunity to review the settlement documents with Employer's counsel. Thereafter, she signed the settlement agreement as well as the Bureau's Explanation of Workers' Compensation Benefits form before appearing in front of the trial court. Once there, Employee was questioned about the details of her claim, and her rights were explained to her by the trial court. This included the right not to

settle her claim and proceed to trial, as well as her right to hire an attorney. Ultimately, the court reviewed the details of Employee's settlement agreement, and Employee agreed under oath that she wanted the Court to approve her settlement.[2]

Employee takes issue with the court's purported failure to consider her more recent doctor's statement and new rating. However, as we stated in *Johnson*,

> relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule . . . Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." Out of respect for the finality afforded to legal proceedings, this "escape valve" should not be easily opened. Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief *by clear and convincing evidence*.

*Johnson*, 2016 TN Wrk. Comp. App. Bd. LEXIS 20, at *12-13. Thus, absent clear and convincing evidence satisfying one of the conditions set out in Rule 60.02, it was not error for the trial court to refuse to consider new evidence after its approval of Employee's workers' compensation settlement agreement.

Given our review of the record, we agree that Employee failed to provide clear and convincing evidence that she was entitled to relief under Rule 60.02 of the Tennessee Rules of Civil Procedure. Thus, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.

---

[2] We were not provided with a transcript of the settlement approval hearing. We have gleaned the relevant facts regarding events at the hearing from the trial court's order denying Employee's motion.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Alice Baugus | ) | Docket No. 2022-05-1109 |
| | ) | |
| v. | ) | State File No. 59724-2021 |
| | ) | |
| Tennessee Farmers Mutual Ins. Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's order in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of July, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Alice Baugus | | | | X | alizbaug@gmail.com |
| Gordon C. Aulgur | | | | X | gordon.aulgur@AFGroup.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov